UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| EDWIN ACHA,<br>    Plaintiff,<br><br>vs.<br><br>PCL INDUSTRIAL CONSTRUCTION<br>COMPANY AND JOEL STEPHENS,<br>BOTH INDIVIDUALLY AND AS<br>EMPLOYEE and/or AGENT OF PCL<br>INDUSTRIAL CONSTRUCTION<br>COMPANY,<br>    Defendants. | CASE NO._____ |

## DEFENDANTS' NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW PCL Industrial Construction Company, Ltd. ("PCL") and Joel Stephens (collectively referred to as "Defendants") to file this Notice of Removal and to remove this lawsuit to the United States District Court for the Southern District of Texas, Galveston Division. Defendants respectfully show the Court the following:

## I.
## PLAINTIFF'S CLAIMS AND PROCEDURAL HISTORY

Plaintiff filed his Original Petition on December 29, 2016, in the 412th Judicial District Court of Brazoria County, Texas. Plaintiff's Original Petition is styled *Edwin Acha v. PCL Industrial Construction Company and Joel Stephens, both individually and as employee and/or agents of PCL Industrial Construction Company*, Cause No. 89744-CV. Plaintiff, who is a former employee of Defendant PCL, alleges that Defendants retaliated against him in violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq*.

Defendant PCL agreed to be served with process by and through its registered agent. Defendant PCL accepted process by and through its registered agent on January 13, 2017. Defendant Stephens, while he has not received or accepted process, appeared before the state court through the timely Original Answer that both Defendants filed on February 3, 2017.

This Court has original jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331 because Plaintiff's claim presents a federal question pursuant to the FMLA. This civil action may be properly removed to this district because the state court where the action has been pending is located within the district and division of this Court. *See* 28 U.S.C. § 1441(a).

This Notice of Removal is accompanied by all documents required by Local Rule 81. There have been no orders entered by the state court in this case.

## II.
## THIS CASE IS REMOVABLE UNDER FEDERAL QUESTION JURISDICTION

This lawsuit may be removed pursuant to 28 U.S.C. §§ 1331 and 1441(a). Section 1331 provides that federal district courts have "original jurisdiction of all civil actions arising under the . . . laws . . . of the United States." 28 U.S.C. § 1331. Section 1441(a) further provides that "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants." 28 U.S.C. § 1441(a).

Defendants may remove this lawsuit because Plaintiff's action arose under a "law of the United States." In his lawsuit, Plaintiff alleges that Defendants unlawfully interfered with his rights under the FMLA.[1] The Fifth Circuit has consistently recognized that claims brought under the FMLA present a federal question and provide federal district courts with jurisdiction. *Gilbert v. Donahoe*, 751 F.3d 303, 309 (5th Cir. 2014) (noting district court had federal question jurisdiction over plaintiff's FMLA claim alleging that employer threatened to and ultimately

---

[1] *See* Exhibit B, at 4-5.

2

denied her leave benefits); *see also Minard v. ITC Deltacom Commc'ns, Inc*., 447 F.3d 352, 353 (5th Cir. 2006).

In sum, this action is one over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331. Thus, removal is proper under 28 U.S.C. § 1441(a) because Defendant is removing the case to the federal court within the district and division in which the action is currently pending.

### III.
### THIS NOTICE OF REMOVAL IS TIMELY

Section 1446(b)(1) provides that "the notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). Defendant received service on January 13, 2017, and has until February 24, 2017, to remove this case. This Notice of Removal is being filed within thirty days after service of Plaintiff's Original Petition and is therefore timely.

Further, promptly upon filing this Notice of Removal, Defendants will file a Notification of Removal to Federal Court, with a copy of this Notice of Removal, with the 412th District Court of Brazoria County, Texas and serve a copy thereof on Plaintiff through his counsel, pursuant to 28 U.S.C. § 1446(d). A copy of Defendants' Notification of Removal to Federal Court will be filed in the state court.

WHEREFORE, PREMISES CONSIDERED, Defendants PCL Industrial Construction Company, Ltd., and Joel Stephens respectfully remove this matter from the 412th Judicial District Court of Brazoria County, Texas to this Court for trial and determination of all issues. Defendants also request all other relief, at law or in equity, to which they are justly entitled.

Respectfully submitted,

*/s/ Barham Lewis*_____
Barham Lewis
TBN:  12277400
OGLETREE, DEAKINS, NASH, SMOAK
  & STEWART, P.C.
500 Dallas, Suite 3000
Houston, Texas   77002-4709
713/655-5767 Phone
713/655-0020 Fax
barham.lewis@ogletreedeakins.com

ATTORNEY FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of February, 2017, a true and correct copy of the above and foregoing instrument was forwarded to:

David L. Flores
davidf@floresandtorresllp.com
Eduardo A. Torres
tonyt@floresandtorresllp.com
Flores & Torres, L.L.P.
118 East Cano Street
Edinburg, Texas   78539

*/s/ Barham Lewis*_____
Barham Lewis

28565510.1